IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**WELSPUN TUBULAR LLC, WELSPUN**
**PIPES, INC., and WELSPUN GLOBAL**
**TRADE LLC**                                                    **PLAINTIFFS**

V.                        NO. 4:22-cv-00718-JM

**PHENIX ENERGY GROUP**
**INCORPORATED and GERALD**
**LEROUX**                                                                     **DEFENDANTS**

## ORDER

Pending is Plaintiffs' motion for default judgment. (Doc. No. 8). Pursuant to Fed. R. Civ. P. 55(a), a Clerk's Entry of Default was entered on September 21, 2022 after Defendants failed to respond after being served with Plaintiffs' complaint. "A default judgment by the court binds the party facing the default as having admitted all of the well pleaded allegations in the plaintiff's complaint." *Angelo Iafrate Constr., LLC v. Potashnick Constr.,* Inc., 370 F.3d 715, 722 (8th Cir.2004) (citing *Taylor v. City of Ballwin, Mo.,* 859 F.2d 1330, 1333 n.7 (8th Cir. 1988)). Where default has been entered, the "allegations of the complaint, except as to the amount of damages are taken as true." *Brown v. Kenron Aluminum & Glass Corp.,* 477 F.2d 526, 531 (8th Cir.1973).

Here, the complaint alleges that Defendants breached their contract with the Plaintiffs when it failed to refund the $250,000.00 deposit made pursuant to the contract between the parties. Plaintiffs sent a written demand for refund pursuant to the policy on February 2, 2022. Defendants have not provided the refund and are in material breach of the parties' contract.

Plaintiffs included alternative claims for recovery along with a request attorneys' fees, costs, prejudgment and post-judgment interest.

Only after Plaintiffs filed their motion for default judgment and approximately seventy days after service of the complaint, Defendants filed a "statement of defense." Defendants' pleading is signed by separate defendant Gerald J. Leroux who does not appear to be an attorney. Corporations cannot appear in federal court without legal representation. *United States v. Lylalele, Inc.,* 221 F.3d 1345 (8th Cir. 2000) citing, *United States v. Van Stelton,* 988 F.2d 70, 70 (8th Cir.1993) (per curiam). Further, the pleading does not offer any excuse for the delay in failing to file a timely response and offers no good cause or excusable neglect for failing to file an answer to Plaintiffs' complaint. For these reasons, the statement of defense, docket 10, will be stricken from the record and will not be considered by the Court.

Treating the allegations of the complaint as true, Plaintiffs are entitled to default judgment based on Defendants' breach of contract. Plaintiffs will be entitled to judgment in the amount set forth in the complaint, motion for default judgment ant supporting affidavit along with pre and post judgment interest. Attorneys' fees are recoverable in breach of contract actions, Ark. Code Ann. § 16-22-308. The Court finds the attorney's fees that plaintiffs have documented it incurred were necessary and reasonable. *Hensley v. Eckerhart,* 461 U.S. 424 (1983). The Court will also award plaintiffs costs in the amount of $620.00.

In sum, the Court finds Plaintiffs are entitled to the entry of default judgment against Phenix Energy Group, Incorporated and Gerald J. Leroux in the amount of $368,520.73 (the principal sum of $250,000.00 plus prejudgment interest in the amount of $118,520.73), post-judgment interest through the date the judgment shall be paid in the amount of 4.74% per annum, and attorneys' fees and costs in the amount of $9,352.50.

A separate judgment will be entered.

IT IS SO ORDERED this 14th day of November, 2022.

                                                      JAMES M. MOODY, JR.
                                                     UNITED STATES DISTRICT JUDGE